# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 14-1103V
## (Not to be Published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
KAYLA NICHOLS and JASON           \*
NICHOLS, *on behalf of their minor*   \*
*child*, N.N.,                    \*      Filed: February 4, 2016
                                  \*
          Petitioners,   \*
  v.                         \*      Vaccine Act Entitlement;
                                  \*      Denial Without Hearing
SECRETARY OF HEALTH               \*
AND HUMAN SERVICES,               \*
                                  \*
          Respondent.    \*
                                  \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Andrew D. Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.

*Heather Pearlman*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

## DECISION DISMISSING CASE[1]

On November 13, 2014, Kayla and Jason Nichols filed a petition on behalf of their minor child, N.N., seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] The Petition alleges that the MMR vaccines N.N. received on June 3, 2009, and December 13, 2012, caused N.N. to develop neurological issues. *See* Pet. at 1-2 (ECF No. 1).

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (Dec. 17, 2002) (current version at 44 U.S.C. § 3501 (2014)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

After Petitioners filed medical records and Respondent filed her 4(c) Report disputing compensation (ECF No. 17), I held a status conference on June 2, 2015, to discuss the next steps in this case. I set the deadline of August 31, 2015, for Petitioners to submit their expert report. ECF No. 18. At the time, Petitioners expressed no concern that the approximately three months they were being provided to prepare an expert report would be inadequate. *Id*. I also discussed with the Parties concerns (identified in the Rule 4(c) Report) about the claim's viability, given evidence of N.N.'s autism diagnosis well prior to the relevant vaccination. *Id*.

On the date of that deadline, Petitioners moved for an extension of time until September 30, 2015, to submit their expert report (ECF No. 20), which I subsequently granted. In that Motion, Petitioners aver that they were attempting to obtain an opinion from or additional information from Dr. Haresh Baxi, N.N.'s treating physician. *Id*. at 1. Petitioners' Motion suggested that they anticipated speaking with Dr. Baxi in the very near future (thus explaining in part the fact that they only requested a 30-day extension of time).

On the very next deadline, Petitioners requested **another** one-month extension, stating that despite continued attempts to speak with Dr. Baxi, Petitioners had been unable to set up a mutually convenient time. ECF No. 21 at 1. I also granted this Motion, with the proviso that should Petitioners require additional time beyond October 30, 2015, then they would contact Chambers to set up a status conference. Instead of doing so, for a **third time** Petitioners waited until the deadline to act, informally requesting an additional thirty days to file the expert report (without providing any additional detail for the basis of this request). I granted that request as well, extending the deadline to November 30, 2015, but simultaneously warning Petitioners that additional requests for extensions of time would not be granted absent a showing of extraordinary circumstances.

Petitioners let the November 30, 2015, deadline pass without taking any action whatsoever. Therefore, on December 4, 2015, I ordered Petitioners to file their overdue expert report immediately. ECF No. 22. Another ten days went by without any response from Petitioners. As a result, on December 14, 2015, I ordered Petitioners to file their expert report on or before January 4, 2016, and warned them that failure to respond accordingly would be interpreted as a failure to prosecute and would result in the dismissal of the case. ECF No. 23. Instead, Petitioners once again waited until the date of the deadline, this time filing a Motion to Amend the Schedule. ECF No. 24. In this Motion, Petitioners reported that Dr. Baxi had ignored communication attempts, and maintained that they could not secure a causation expert without Dr. Baxi's clarification of the medical records. *Id*. at 1. I denied the Motion, and instead ordered Petitioners to show cause on or before February 3, 2016 why their case should not be dismissed. ECF No. 25.

Yet again, Petitioners waited until the last minute to act. Rather than comply with my order, moreover, Petitioners' counsel instead filed a Motion to Withdraw as Attorney. ECF No. 26

2

[hereinafter "Mot."]. In the Motion, Petitioners' counsel stated that he was repeatedly thwarted in his attempts to speak with Dr. Baxi, N.N.'s treating physician, whose input he considered important to creation of an expert report. Mot. at 2. Simultaneously, Petitioners' counsel reported (for the first time) an inability to reach Petitioners "in over several months." *Id*. Petitioners' counsel also (likely on the basis of the above) requested withdrawal, but urged me "to refrain from dismissal, but to instead give Petitioners one thirty (30) day opportunity to respond." *Id*. at 3.

Petitioners have had eight months to file an expert report, but never did so. In addition, they have repeatedly flouted the Court's deadlines by not complying with my orders, if not ignoring them entirely. Petitioners have had numerous opportunities to prosecute their claim, and Petitioners' counsel has had ample time to investigate and act diligently. The Motion to Withdraw asserts that Dr. Baxi's input is vital to preparation of an expert report – but they have been making this representation since August of last year. Too much time has since past without action.

The eight-month delay in the filing of an expert report in this case is not justified by any need to investigate a claim that was filed on the eve of the expiration of the three-year limitations period for Vaccine Program claims. Section 16(a)(2). The matter was initiated on November 13, 2014, less than two years following the second vaccination that is alleged to have caused N.N.'s neurological symptoms. Petitioners and their counsel therefore had ample opportunity – at least an additional year – to thoroughly investigate their claim prior to filing. Under such circumstances, it should not require almost eight more months (as has been the case here) to make inquiries of a treater relevant to preparation of an expert report.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or (2) that he suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). An examination of the record, however, does not uncover any evidence that Petitioner suffered a "Table Injury." Further, the record does not contain sufficient persuasive evidence, without an expert report, establishing that the alleged injury that Petitioner experienced could have been caused by the vaccinations received (*see* § 11(c)(1)(D)(i)).

Special masters may require such evidence "as may be reasonable or necessary." 42 U.S.C.A. § 300aa-12(d)(3)(B)(ii). That evidence (here, an expert report) has not been provided despite my repeated prior orders. In addition, under appropriate circumstances, an unjustified failure to comply with a lawful order of a special master can be grounds for dismissal of their petition for failure to prosecute. *See, e.g.*, *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996); *See also Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl.Ct. 439 (1992), *aff'd* 991 F.2d 819 (Fed. Cir. 1993). Here, both Petitioners' failure to provide an expert report, and their failure to adhere to numerous Court orders, are ample grounds for dismissal of this case.

**Thus, Petitioners Motion is <u>DENIED</u>. This case is dismissed for failure to prosecute, and for lack of proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

<u>/s/ Brian H. Corcoran</u>
Brian H. Corcoran
Special Master